WALTER S. LEDERER, Trustee *vs.* SIGMUND ROSEN.

DECEMBER 30, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Equity. Final Decree. Appeal.*

A decree. in a bill for specific performance ordering the conveyance of title subject to a dower right, and referring the cause to a master to determine the allowance to be made for the dower right is not a final decree subject to appeal under the provisions of Gen. Laws, cap. 289, § 25.

*Robert* v. *Rousseau,* 28 R. I. 335, so far as it conflicts with the rule laid down in *McAuslan* v. *McAuslan,* 34 R. I. 462, and later cases overruled.

BILL IN EQUITY. Heard on motion to dismiss appeal and motion granted.

SWEENEY, J. This is a bill in equity to compel the specific performance of a written contract to convey real estate. After a hearing in the Superior Court on the amended bill, answer and proof, a decree was entered ordering, among other things, that the respondent convey by deed to the complainant, a clear title to the real estate described in said bill, subject only to the dower right of the respondent's wife, and a mortgage; that upon the delivery of the deed the complainant pay to the respondent the sum mentioned in said decree, less the value of the dower right of said respondent's wife; that the cause be referred to a master for the purpose of determining the allowance to be made on the purchase price of said premises for said dower right, and that the purchase price be reduced in accordance with said allowance. From this decree the respondent claimed an appeal to this court, and the complainant now moves to dismiss the appeal for the reason that the decree appealed from is not a final decree.

Section 25, Chapter 289, General Laws, 1909, provides that any party aggrieved by a final decree of the Superior Court may appeal therefrom to the Supreme Court. What constitutes a final decree from which an appeal may be taken, was carefully considered and decided in the case of

*McAuslan* v. *McAuslan,* 34 R. I. 462. In that case the court laid down the rule that a decree to be final must terminate the litigation of the parties on the merits of the case, so that if there should be an affirmance on appeal, the court below would have nothing to do but to execute the decree it had already rendered. This rule has been cited with approval in the cases of *Angevine* v. *O'Mara,* 35 R. I. 253; *McQuillan* v. *McQuillan,* 35 R. I. 373; *Fairchild* v. *Uniform Seamless Wire Co.,* 41 R. I. 139; *Acme Finishing Co.* v. *Greenville Finishing Co.,* 43 R. I. 294. See also *Hammond* v. *Hammond,* 85 Atl. 937; *Hemenway* v. *Hemenway,* 28 R. I. 85.

Tested by the rule laid down in these cases the court is of the opinion that the decree appealed from is not a final decree. Under this decree the respondent is not required to deliver the deed until the value of the dower right of his wife has been determined by the master. It will be necessary for the master to give the parties a hearing and take testimony, in order to enable him to determine the value of the dower right, and finally make up his report and file the same in the Superior Court, where, if no exceptions are taken thereto by either party, it will be confirmed by a decree.

The respondent refers to the case of *Robert* v. *Rousseau,* 28 R. I. 335, in support of his right to claim an appeal from the decree as a final decree. The court has considered this case, and in so far as it conflicts with the rule laid down in the later cases of *McAuslan* v. *McAuslan* and others above cited, it is overruled.

The motion to dismiss the appeal is granted and the cause is remanded to the Superior Court for further proceedings.

*Philip C. Joslin, Ira Marcus,* for complainant.

*Bellin & Bellin, John F. Harlow, Jr.,* for respondent.